*334 OPINION.
Morris:
At the hearing the petitioner abandoned its contentions • as to special assessment, leaving the questions of whether or, not the two corporations were affiliated and the value of good will, if any, for invested capital purposes.
As Powers & Mayer, Inc., owned all the outstanding capital stock of Powers & Mayer Manufacturing Co., for the first two months of 1919, there is no question of the affiliation of the two corporations for that period. The petitioners contend for affiliation for the last ten months of that year on the ground that Mayer owned all the outstanding stock of one corporation and substantially all the stock of the other. The authorized capital stock of Powers & Mayer Manufacturing Co. was 1,000 shares, par value $100 per share. The issued stock as of January 1, 1919, was 250 shares and was held by Powers & Mayer, Inc. On March 1, 1919, Mayer purchased the 250 shares. Thereafter he purchased the remaining stock of Powers & Mayer Manufacturing Co. in the total amount of $15,000, and on December 31, 1919, was the sole owner of the 1,000 shares of issued and authorized capital stock. Subsequent to March 1, 1919, Mayer was the only stockholder of Powers & Mayer Manufacturing Co.
The stock of Powers & Mayer, Inc., was all held by Mayer or by employees of the company, that held by the employees at nó time amounting to more than 15.72 per cent of the outstanding stock. Mayer, on March 1, 1919, was the owner of at least 84.28 per cent of the outstanding stock. The stock of the employees was held subject to the right of repurchase by Mayer should there be a discontinuance of the employer-employee relationship, and during the year he repurchased certain shares so that on December 31, 1919, he was the owner of 95.7 per cent of the outstanding stock. .As recited in the agreement, which has been set out in the findings of fact, the employees purchased the stock for the sole purpose of securing an interest in the profits of the business. ■ They endorsed their *335 stock to Mayer, who held it as collateral security for balances due. We are of the opinion that the ownership of stock in the two corporations by Mayer is sufficient to meet the requirements of the statute-for affiliation. Appeal of Isse Koch & Co., 1 B. T. A. 624; Appeal of Hagerstown Shoe & Legging Co., 1 B. T. A. 666.
• The second issue relates to good will value, if any, which may be included in- computing invested capital. The facts upon which the petitioner relies to prove the existence of good will and its value were the expenditure 'of approximately $100,000 in advertising, entertaining and soliciting business from 1893 to 1913; the proposition made by Mayer to the corporation and accepted by it, under the - terms of which the business and assets, including good will valued at $50,000 were turned over to the corporation in exchange for stock and the corporation’s note; and the agreement between Mayer and the employees for the sale and purchase of stock, in which agreement good will was specifically valued at $50,000.
These facts do not convince us that good will of any value was turned in to the corporation. Notwithstanding the fact that other intangible property, claimed to have a substantial value, was included ’in the assets taken over by the corporation, the earnings for the fotir years prior to 1913 show that Powers & Mayer, Inc., earned only slightly more than 8 per cent on its net tangible assets. For the year 1913 the percentage was less than 5 per cent. The earnings subsequent to 1913 are not corroborative of the value claimed. We have not failed to consider the testimony introduced by the petitioner relative-to the abnormal conditions which existed during 1914 to 1918, but, even if such years were eliminated from consideration, the evidence fails to bear out the petitioner’s contention.

Judgment will he entered on 15 days’ notice, under Bule 50.